SUMMARY ORDER

Mei Zheng, a native and citizen of the People’s Republic of China (“China”), seeks review of an April 1, 2008 order of the BIA, affirming the May 18, 2006. decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Zheng, No. A095 467 017 (B.I.A. Apr. 1, 2008), aff'g No. A095 467 017 (Immig. Ct. N.Y. City May 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
With respect to Zheng’s claim of past persecution, substantial evidence supports the agency’s adverse credibility determination. The IJ properly relied on discrepancies in the record. See Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006) (stating that an IJ may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence). While Zheng claimed that she suffered a forced abortion in China, her U.S. medical records omitted this information. When asked to explain the discrepancy, Zheng testified that during her first appointment in the U.S. in 2001 she did not tell her doctor because her husband was with her and he did not yet know about the forced abortion. When asked why she did not disclose it during her appointment four years later, Zheng testified that she went back to the same clinic and because she did not tell them during her first pregnancy, she declined to tell them and no one asked her. However, when confronted with her medical records, which indicated that she was asked whether she had previously had an abortion, Zheng claimed to have tried to tell a nurse about her abortion in China but that the nurse told her she could not change her records in the computer. The IJ reasonably declined to credit these explanations. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005). Although Zheng argues that the discrepancies were minor, they bear a legitimate nexus to her claim because her alleged forced abortion was the basis of her past persecution claim. See Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
Further, as the IJ did not find Zheng’s testimony credible, he properly noted the *645 absence of documentary evidence that may have corroborated her claim. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Ultimately, the agency’s adverse credibility finding was “based upon neither a misstatement of the facts in the record nor bald speculation or caprice,” and was thus supported by substantial evidence. Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), abrogated in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007).
With respect to her prospective fear of persecution, Zheng argues that the agency erred in concluding that she failed to demonstrate eligibility for asylum, withholding of removal, and CAT relief based on the birth of her U.S. citizen children. However, while the agency credited Zheng’s claim that she had two children, her argument fails. We have previously reviewed the agency’s consideration of evidence similar to that which Zheng presented and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008).
Additionally, because substantial evidence supports the agency’s adverse credibility determination and because Zheng otherwise failed to meet her burden of proof, the agency properly denied her application for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).